### UNITED STATES

v.

**George Randall HALE, Jr., 585 04 2901, Parachute Rigger Airman Recruit, E–1, U. S. Navy.**

**NCM 66 1437.**

U. S. Navy Court of Military Review.

Sentence Adjudged 19 April 1977.

Decided 9 Dec. 1977.

---

LT Lawrence W. Muschamp, JAGC, USNR, Appellate Defense Counsel.

CAPT Geoffrey D. Fallon, USMCR, Appellate Government Counsel.

Before DUNBAR, Senior Judge, and BAUM and MALLERY, JJ.

MALLERY, Judge:

Contrary to his pleas, appellant was convicted at a special court-martial bench trial of four specifications of larceny and one specification of wrongful possession of marijuana in violation of a lawful general regulation. He was sentenced to a bad conduct discharge, confinement at hard labor for 3 months, and forfeiture of $100.00 pay per month for 3 months. The convening and supervisory authorities approved the findings and sentence.

Now, appellant assigns the following errors:

I. THE SANITY BOARD, THE MILITARY JUDGE AND THE STAFF JUDGE ADVOCATE ALL UTILIZED AN INCORRECT STANDARD IN DEALING WITH THE ISSUE OF SANITY, APPLYING THE OUTMODED MANUAL STANDARD BASED ON M'NAGHTEN'S CASE 10 CL & F 200, 8 ENG. Rep. 718 (HOUSE OF LORDS 1843).

II. THE MILITARY JUDGE ERRED IN ADMITTING A STIPULATION OF FACT INTO EVIDENCE WITHOUT FIRST INQUIRING WHETHER A PRETRIAL AGREEMENT EXISTED AS MANDATED BY *UNITED STATES V. BERTELSON*, 3 M.J. 314 (C.M.A.1977).

III. THE MILITARY JUDGE ERRED IN ADMITTING INTO EVIDENCE STATEMENTS MADE BY THE ACCUSED OF AN INCRIMINATORY NATURE WITHOUT FIRST HAVING BEEN WARNED AS REQUIRED BY ARTICLE 31, UCMJ, 10 U.S.C. § 831.

IV. THE STAFF JUDGE ADVOCATE ERRED IN FAILING TO PROVIDE FOR AN ADMINISTRATIVE CREDIT FOR TIME SPENT IN UNLAWFUL PRETRIAL CONFINEMENT AS REQUIRED BY *UNITED STATES V. LARNER*, 24 U.S.C.M.A. 197, 51 C.M.R. 442, 1 M.J. 371 (1976).

We will discuss said assignments seriatim.

## I

■ As a result of a stipulation of fact, which will be discussed, *infra*, in connection with Assignment of Error II, the only significant issue at trial was the sanity of appellant. Somewhat circuitously, both appellant's mental competency to stand trial and his mental responsibility at the time of the offenses were placed in issue.

Prior to the commission of the offenses in this case, appellant had on three separate occasions been examined by Navy psychiatrists. The three diagnoses read, *inter alia*, as follows: (1) "No signs of severe emotional disturbances or of thought disturbances . . . Situational adjustment reaction, essentially resolved"; (2) "No psychiatric disease . . . Findings consistent with deviant personality"; and (3) "No mental illness . . . Strong history of self serving anti-social behaviour." Nevertheless, the military judge directed that a sanity board be convened. The diagnosis of that board reads, *inter alia*, as follows: "There was no evidence of organicity, psychosis, significant depression, suicidal intent, or disabling neurosis . . . [He has] [a]ntisocial personality disorder . . [He has] [s]ufficient mental capacity . . At the time of the alleged offenses he did possess the capacity to form the intent necessary to commit such offenses." Additionally, another psychiatrist examined appellant. He was called by the defense and was the only witness on the issue of sanity. In essence, he too diagnosed appellant as suffering from an antisocial personality and also agreed that appellant was not suffering from a mental disease or defect.

Appellant correctly asserts that the test for mental responsibility applied by all the psychiatrists who examined him was the old test expressed in paragraph 120*b*, *Manual for Courts-Martial, United States, 1969* (Revised edition), not the new test set forth in American Law Institute Model Penal Code, Section 4.01, Proposed Official Draft (May 21, 1962), as required by *United States v. Frederick*, 3 M.J. 230 (C.M.A.1977). Appellant argues that he was, thereby, prejudiced. We disagree.

We need not discuss the significant differences between the old and the new tests for mental responsibility. In at least one sense, the tests are identical: The accused must have suffered from a mental disease or defect at the time of the offenses. It is clear beyond cavil that appellant did not, and does not, suffer from a mental disease or defect. All of the psychiatrists who have examined him agree on that one central fact. So did the military judge and the staff judge advocate agree, and so do we. Thus, the fact that the psychiatrists applied the old instead of the new test for mental responsibility is entirely irrelevant and appellant was not thereby prejudiced.

Further, there is absolutely no evidence that appellant lacked mental competency in any degree whatsoever at the time of trial. Assignment of Error I is without merit.

## II

■ After the arraignment and the pleas, the trial counsel and the defense counsel, with the consent of the appellant, entered into a stipulation of fact which included ". . . all elements of the offense of larceny except the element of intent to permanently deprive or to appropriate for one's own use." Thus, the only litigable issue remaining was the appellant's mental responsibility and his ability to form the necessary criminal intent. Appellant correctly points out that the military judge, while obtaining the accused's voluntary consent to the stipulation, failed to conduct a *Care* type inquiry to establish the factual basis for the stipulation. He also correctly points out that *United States*

*v. Bertelson,* 3 M.J. 314, 317 (C.M.A.1977) requires such an inquiry in the case of a "confessional stipulation." He argues that the stipulation in this case amounts to a "confessional stipulation." We disagree.

The reason for the ruling in *Bertelson, supra,* is clear. Where a stipulation of fact contains all of the elements of an offense charged, the stipulation, in effect amounts to a plea of guilty. Therefore, the same need to prevent improvident pleas of guilty which led to the ruling in *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969) should apply to improvident "confessional stipulations." However, in this case, unlike *Bertelson,* the accused did not stipulate to all the elements of the offenses involved. Quite the contrary, the issue of mental responsibility as it affected the element of intent was well and thoroughly litigated. The reason for the rule in *Bertelson* simply does not exist in the case, *sub judice.* The military judge did not err. Assignment of Error II is without merit.

### III

■ An inculpatory statement made by appellant to the victim of two of the larcenies was admitted in evidence. Appellant argues that the statement was improperly admitted because there had been no Article 31, UCMJ, warning given before he made it. He points out that the victim was superior in grade to appellant. He argues that *United States v. Dohle,* 24 U.S.C.M.A. 34, 51 C.M.R. 84, 1 M.J. 223 (1975), requires such a warning in a case like this. We again disagree.

In *Dohle,* the accused was in custody, his interrogation had ceased because he had requested a lawyer and, while arrangements were being made to confine him, a Sergeant Prosser was ordered to guard him. Sergeant Prosser, a friend of the accused, asked the accused about the offense. The accused made certain incriminating statements which were eventually held to be inadmissible because Sergeant Prosser was in a "position of authority" over the accused and he should have warned him under Article 31, UCMJ.

The facts in this case are much different. In this case, the appellant was neither confined nor in custody. The victim, though superior in grade, was in another division and held no "position of authority" over appellant. Appellant's admissions to his victim were not a product of a custodial interrogation and were clearly made voluntarily. The military judge did not err in admitting into evidence the incriminatory statement. Assignment of Error III is without merit.

### IV

■ At the trial, the military judge found that the pretrial confinement of the accused had not been lawfully imposed. He announced that he would give "substantial and real credit" for it. Appellant correctly points out that the military judge, thus, failed to direct that "administrative credit" be given for such illegal pretrial confinement as required by *United States v. Larner,* 24 U.S.C.M.A. 197, 51 C.M.R. 442, 1 M.J. 371 (1976). The military judge erred. However, appellant has already served his relatively short sentence to confinement at hard labor and has been released. Further, there is no suspended confinement hanging over his head. However, as has been stated by our judicial superiors in *Corley v. Convening Authority,* 3 M.J. 192, 193 (C.M.A. 1977) (miscellaneous order) (Perry, J., dissenting), "[a]s to pretrial confinement, if it is imposed unlawfully it may only be remedied on direct review if the appellant at that stage of the proceedings already has not served all his sentence to confinement." It would be a foolish and redundant act for us to direct that "administrative credit" be given in this case. However, we will reassess the sentence.

Upon careful consideration of the seriousness of the offenses of which appellant stands convicted, and of the relatively mild sentence adjudged by the military judge, we are convinced that the military judge did impose a much lighter sentence than he would have in the absence of the illegal pretrial confinement. We believe that the sentence is neither excessive nor inappropriate in any way.

Accordingly, the findings and sentence, as approved on review below, are affirmed.

Senior Judge DUNBAR and Judge BAUM concur.